## FOURTH DEPARTMENT, JANUARY, 1919.

LEO J. HELD, Appellant, Respondent, *v.* CHURCH OF ST. ANTHONY OF PADUA and Another, Defendants, Impleaded with AMERICAN CLAY AND CEMENT CORPORATION and Another, Respondents, HILL SAND AND SUPPLY COMPANY, Respondent, Appellant, and F. L. HEUGHES & COMPANY, INC., Appellant.

Appeals from parts of a judgment of the Supreme Court, entered in the Monroe county clerk's office on the 29th day of August, 1918.

PER CURIAM: The right to priority of the Maher claim does not rest merely upon equitable estoppel, but upon an express agreement to that effect, assented to by the plaintiff and the other creditors. There was no such agreement respecting the plaintiff's claim. Whether plaintiff has any personal claim against Maher for what he did after Maher took the job, we need not decide. The question is not presented by the pleadings. But we are of the opinion that he has no lien upon the fund outside of his mechanic's lien which is subordinate to the Maher claim. All concurred, except Foote, J., who dissented in a memorandum solely as to the affirmance of the judgment as against plaintiff, appellant, but concurred in the affirmance of the judgment as against the appellants F. L. Heughes & Company, Inc., and Hill Sand and Supply Company.

FOOTE, J. (dissenting): I dissent and vote for reversal and a new trial on the ground that the equities in favor of plaintiff as against the estoppel claimed by defendant Maher have been disregarded. Plaintiff's mechanic's lien is prior in point of time to that of Maher. This priority plaintiff has been held to be estopped from asserting because plaintiff consented to the arrangement by which Maher undertook to perform the uncompleted part of the contract of Manion Bros., the general contractors, for the benefit of all parties interested, with the understanding that the expense thus incurred by Maher should be first paid out of the fund payable by the owner upon completion. Until completion there would be no fund out of which any of the liens could be paid. The parties to the arrangement contemplated and intended that Maher himself should fully complete the building contract and that the total expense of completion should be first paid out of the fund. Maher did not, in fact, complete the building and what he did would not alone have created or released the fund. Plaintiff contributed toward such completion, labor and materials to the amount of about $2,000; the exact amount does not appear. It was necessary that this should be done by some one to create the fund. It was part of the work Maher had undertaken to do, which, together with the cost of the rest, was to be first paid from the fund. To the extent of plaintiff's contribution toward completion there is no basis in equity for holding him estopped from asserting the priority of his lien, or at least for denying his right to stand on a basis of equality with Maher and share the fund with him in the proportion that each contributed to produce it. Judgment affirmed, without costs of this appeal to any party.